**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF VIRGINIA**
**Lynchburg Division**

| | | |
|---|---|---|
| In re EDWIN EUGENE SAUNDERS and KRISTIE LEN SAUNDERS, | ) ) ) | Case No. 05-60056-7 |
| Debtors. | ) ) | |
| EDWIN EUGENE SAUNDERS, | ) ) | Adversary Proc. No. 05-06022A |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SCHEWEL FURNITURE CO. | ) ) | |
| Defendant, | ) ) ) | |

## **MEMORANDUM**

This matter comes before the court on a motion by Edwin Eugene Saunders ("the Plaintiff") for default judgment. This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(A)&(F). Accordingly, this court may render a final decision.

The motion shall be granted.

*Facts*

1

Accepting well-pleaded facts as true[1], the court finds as follows. On September 30, 2004, the Country of Albemarle General District Court issued a garnishment summons in favor of the Schewel Furniture Co. ("the Defendant"). The summons ordered the Plaintiff's employer, Luckstone, to make deductions from the Plaintiff's wages and tender the same to the Defendant. Luckstone complied with the order and, between October 14, 2004 and November 26, 2004, paid $1,077.00 ("the Funds") over to the Defendant.

On December 1, 2004, the Plaintiff filed a homestead deed with the Clerk of the Louisa County Circuit Court. On the return day for the garnishment summons, December 12, 2004, a hearing was held before the General District Court. The Defendant argued that the sales contract between the parties contained a provision that waived the benefit of the homestead exemption. The General District Court denied the Plaintiff's exemption claim based on that provision and ordered the Funds turned over to the Defendant.

On April 1, 2005, the Plaintiff filed a the above-styled adversary complaint which contains two counts. The first seeks to avoid and recover the payment of the Funds as a preferential transfer. The second seeks to recover the Funds under the Virginia Consumer Protection Act and Federal Trade Commission Regulations. The Defendant failed to respond to the complaint. The Clerk has entered default against the Defendant.

On January 6, 2005, the Plaintiff and his wife filed a chapter 7 petition with the Clerk of this Court. The Plaintiff claimed the Funds exempt. The trustee has not attempted to avoid the transfer of the $1,077.00.

---

[1] Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Fed. R. Civ. P. 8(d), as made applicable by Fed. R. Bankr. P. 7008. The defendant has not filed a responsive pleading or otherwise appeared in this matter.

*Discussion*

As noted, this matter comes before the court on a motion by the Plaintiff for default judgment. When an application is made to the court under Rule 55(b)(2) for the entry of judgment by default, the trial court is required to exercise sound judicial discretion in determining whether the judgment should be entered. 10A Wright, Miller & Kane, Federal Practice and Procedure Civil 2d § 2685 (1998). Also see Lau Ah Yew v. Dulles 236 F.2d 415, 416 (9th Cir. 1956) ("It is conceded that the grant or denial of a motion for the entry of a default judgment is within the discretion of the court.")

When there is opposition, the plaintiff must establish each element by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279 (1991). When the defendant has not appeared, the plaintiff must still meet the burden of going forward. Cf. Peerless Industries v. Herrin Illinois Café, Inc. 593 F.Supp 1339, 1441 (E.D.Mo. 1984) ("In sum, Rule 55(b)(2) allows the court discretion to require proof of necessary facts to support a valid cause of action, and if such facts are lacking, the court can choose not to enter default judgment.").

**Count I: The Transfer as a Preference.** The Plaintiff seeks to avoid the transfer of the Funds under 11 U.S.C. § 547(b) as a preference and to recover the same under 11 U.S.C. § 550. Section 547(b) provides that the trustee may avoid (1) a transfer of an interest of the debtor in property (2) that is made to or for the benefit of a creditor; (3) for or on account of an antecedent debt owed by the debtor before such transfer was made; (4) made while the debtor was insolvent; (5) made on or within 90 days before the date of the filing of the petition if the transferee is not an insider; (6) that enables such creditor to receive more than such creditor would receive if the case were a case under chapter 7 of this title, the transfer had not been made; and the creditor

received payment of such debt to the extent provided by the provisions of chapter 7.[2] The debtor is presumed to be insolvent during the ninety-day period pre-petition. 11 U.S.C. § 547(f). The other elements are met in this case.

While section 547 gives standing to the trustee only, a debtor may file a complaint to avoid a preference if (1) the transfer was involuntary; (2) the debtor did not conceal the property; (3) the trustee could avoid the transfer, but does not attempt to do so; and (4) the debtor has exempted the transferred property. See 11 U.S.C. §522(g)(1) and (h). The debtor may avoid and recover the Funds from the Defendant.

**Count II: The transfers under Non-bankruptcy Law.** The debtor also seeks to avoid the transfer and recover punitive damages and attorneys fees under Federal Trade Commission Regulations which the debtor asserts prohibits a retail installment seller to take from a consumer an obligation that contains a waiver or limitation of exemption from attachment, and the Virginia Consumer Protection Act which declares unlawful any contract which includes ceratin provision that are unenforceable under federal law. The court need not reach the merits of this count. The issues contained therein were raised, or could have been raised by the plaintiff before the

---

[2] Section 547(b) provides:
(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property--
    (1) to or for the benefit of a creditor;
    (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
    (3) made while the debtor was insolvent;
    (4) made–
        (A) on or within 90 days before the date of the filing of the petition; or
        (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
    (5) that enables such creditor to receive more than such creditor would receive if--
        (A) the case were a case under chapter 7 of this title;
        (B) the transfer had not been made; and
        (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

General District Court at the hearing held on December 2, 2004. Furthermore, the issues raised in the Count II were necessarily decided at that hearing. Thus any such argument is barred under the doctrine of issue preclusion.

*Conclusion*

The Plaintiff's motion for default judgment shall be granted in the amount of $1,077.00. No punitive damages or attorneys fees shall be awarded against the Defendant. The court shall issue an appropriate order and judgment.

Upon entry of this Memorandum, the Clerk shall forward a copy to the debtor, Robert S. Stevens, Esq., counsel for the debtor, and the chapter 7 trustee.

Entered on this 12th day of July, 2005.

                                                  William E. Anderson
                                                  United States Bankruptcy Judge